UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                CASE NO: 8:02-cv-2052-T-23MSS

CAREL A. PRATER, et al.,

    Defendants.
_____/

## ORDER

United States Magistrate Judge Mary S. Scriven issues a report and recommendation (Doc. 158) on the United States' motion (Doc. 143) for summary judgment converting a preliminary injunction to a permanent injunction. Carel Prater objects (Doc. 160) to the recommendation, and Richard Cantwell moves (Doc. 159) to sever. The Court construes Mr. Cantwell's motion to sever as a motion for a separate trial. Rule 42, Federal Rules of Civil Procedure, permits the court "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy" to order a separate trial of any claim. Mr. Cantwell fails to demonstrate cause pursuant to the Federal Rules of Civil Procedure to order a separate trial for the claims against Mr. Cantwell. Accordingly and for the reasons stated in the United States' opposition (Doc. 161), Mr. Cantwell's motion (Doc. 159) to sever is **DENIED**.

Mr. Prater's objections to the Magistrate Judge's recommendation neither identify nor establish an error in either the findings of fact or the application of law.  Instead, Mr. Prater asserts that the court lacks "territorial jurisdiction" and that Title 26, United States Code, lacks the "force and effect of law."  Both arguments have been rejected as frivolous.  See e.g. Docs. 116, 152.  The remaining objections to the Magistrate Judge's report and recommendation also present frivolous arguments, including that the United States' responses to interrogatories presents "evidence of controversy" requiring an evidentiary hearing.  Mr. Prater's objections are **OVERRULED**.  The Magistrate Judge's report and recommendation (Doc. 158) is **ADOPTED**.  Accordingly, the United States' motion (Doc. 143) for summary judgment converting a preliminary injunction to a permanent injunction is **GRANTED**.  The Clerk is directed to enter judgment in favor of the United States and against the defendants.

Pursuant to IRC §§ 7402, 7407, and 7408, Prater and Cantwell, both individually and doing business through any entity, their representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order are permanently enjoined from:

a. Engaging in activity subject to penalty under IRC § 6701, including preparing and/or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that they know will result in an understatement of tax liability;

b. Advocating, through seminars, websites, consultations, and the preparation of income, employment, and corporate tax returns and claims for refund,

the false and frivolous position that United States-source income is nontaxable (the "§ 861 argument");

c. Filing so-called judgments *nihil dicit* or default judgments against the IRS, the United States of America, or any agency, department, or instrumentality of the United States of America;

d. Selling any type of trust, limited liability corporation, or similar arrangement, which advocates noncompliance with the income tax laws or tax evasion, misrepresents the tax savings realized by using the arrangement, or conceals the ownership or receipt of income;

e. Representing, offering to represent, or claiming an ability to represent any other person in any tax matter before the IRS or any court;

f. Corresponding with, or assisting in the preparation of any correspondence or other documents to be sent to the IRS on behalf of any other person in exchange for payment (including for those who paid for any other tax-related services);

g. Preparing or assisting in the preparation of any tax-related document to be sent to any other person in exchange for payment (including for those who paid for any other tax-related services);

h. Preparing or assisting in the preparation of federal tax returns for any other person or entity;

i. Promoting, marketing, organizing, or selling any plan or arrangement regarding the excludibility of income that they know or have reason to know

>
> is false or fraudulent as to any material matter. Accordingly, the defendants shall remove from their website(s) all abusive-tax-scheme promotional materials and materials designed to incite or induce others imminently to violate the tax laws;
>
> j. Engaging, directly or indirectly, in any other activity subject to penalty under IRC §§ 6694, 6695, 6700, or 6701; and
>
> k. Engaging in other similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

Prater and his associated entities shall (1) display prominently on the first page of their website(s) a complete copy of this permanent injunction, (2) file a certification of compliance with this provision within eleven days of the date of this order, and (3) maintain their website(s) for one year with a complete copy of this permanent injunction displayed. The United States may conduct post-judgment discovery to monitor the defendants' compliance with this permanent injunction. Prater and his associated entities are liable to the United States for its costs, including the cost of the Special Master. The United States shall submit a bill of costs for consideration and approval by the Court.

The Clerk is directed to (1) terminate all pending motions and (2) close the case.

ORDERED in Tampa, Florida, on September 23, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
    Courtroom Deputy